**CV15-1539**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARIO FORTUNE, AUBREY DUKES,
JERMAINE BROOKS, AND
ABRAHAM JOSEPH,

                          Plaintiffs,

       -against-

THE CITY OF NEW YORK,
POLICE OFFICER SAMANTHA STURMAN (TAX 947521),
LIEUTENANT VINCENT KENNEDY (TAX 901767),
AND JOHN DOES 1-3,

                          Defendants.
---------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

WEINSTEIN, J

POHORELSKY, M.

       Plaintiffs, MARIO FORTUNE, AUBREY DUKES, JERMAINE BROOKS, AND ABRAHAM JOSEPH, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

**PARTIES, VENUE, and JURISDICTION**

       1.     Plaintiffs, MARIO FORTUNE, AUBREY DUKES, JERMAINE BROOKS, AND ABRAHAM JOSEPH, are adult male residents of Kings County, within the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, police officer Samantha Sturman, was an adult female employed by the City of New York as members of the NYPD assigned to the 70th Precinct. Defendant Sturman is currently assigned to the 62nd Precinct. Defendant Sturman is sued herein in her official and individual capacities.

4. At all relevant times hereinafter mentioned, Lieutenant Vincent Kennedy, was an adult male employed by the City of New York as a member of the NYPD assigned to the 70th Precinct. Defendant Kennedy is currently assigned to the 69th Precinct. Defendant Kennedy is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, the Doe defendants were adults employed by the City of New York as members of the NYPD assigned to the 70th Precinct. The Doe defendants are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. That plaintiffs Mario Fortune, Aubrey Dukes, and Abraham Joseph, timely served Notices of Claims for malicious prosecution on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiffs' Notice of Claims and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events for malicious prosecution of which plaintiffs Mario Fortune, Aubrey Dukes, and Abraham Joseph, complain.

## RELEVANT FACTS

11. On August 13, 2013, at about 5:00 p.m. (the "Date of the Arrest"), the plaintiffs were lawfully present in front of or near 222 East 17th Street in the County of Kings, City and State of New York.

12. Plaintiffs were not engaged in any unlawful or suspicious activity.

13. At this time, the defendants arrived, approached each of the plaintiffs, detained and searched them without any legal basis, justification, or excuse.

14. Specifically, defendant Kennedy and one of the Doe defendants approached plaintiff Abraham Joseph and began questioning him, searched him, and arrested him.

15. Plaintiff, Mario Fortune, was approached, questioned, searched, and arrested by one of the Doe defendants, although defendant Sturman swore out Mario Fortune's criminal complaint.

16. The searches of each of the four plaintiffs yielded no evidence of any guns, drugs, or contraband.

17. Despite the absence of any evidence of wrongdoing on the part of plaintiffs, the defendants formally arrested each of them.

18. The plaintiffs were then transferred to a station house of the 70th Precinct where they were each improperly detained for several hours.

19. The plaintiffs were then transferred to Kings County Central Booking where they were held for several more hours before they were each arraigned on false allegations made by the defendants.

20. Specifically, defendant Sturman provided false allegations in support of plaintiff Fortune's criminal complaint, causing him to be falsely charged with two counts of disorderly conduct, and one count consumption of alcohol in public.

21. Plaintiff, Fortune Fortune, was arraigned on these charges, given a future court date and released from custody. He was forced to make several court appearances pursuant to these allegations before his charges were dismissed.

22. Plaintiff, Aubrey Dukes, was also falsely charged with two counts of disorderly conduct and one count of consumption of alcohol in public pursuant to false allegations made by defendant Sturman.

23. Plaintiff Dukes was arraigned on these charges, given a future court date and released from custody. He was forced to make several court appearances pursuant to these allegations before his charges were dismissed.

24. Defendant Kennedy provided false allegations in support of plaintiff Brooks' criminal complaint, causing him to be falsely charged with two counts of disorderly conduct and one count of obstructing governmental administration. Plaintiff Brooks acceded to an adjournment in contemplation of dismissal at his arraignment.

25. Defendant Kennedy also provided false allegations in support of plaintiff Joseph's criminal complaint, causing him to be falsely charged with two counts of disorderly conduct and one count of marijuana possession.

26. Plaintiff Joseph was arraigned on these charges, given a future court date, and released from custody. He was forced to make several court appearances pursuant to these false allegations before his charges were dismissed.

27. Upon information and belief, while plaintiffs were in defendants' custody, the defendants created or caused the creation of paperwork memorializing false factual allegations against them in order to justify the illegal search, seizure, and arrest of plaintiffs.

28. Defendants knew the allegations to be false when they made them.

29. The false allegations were then transmitted or otherwise communicated to the KCDA.

30. It was objectively unreasonable for the defendants to arrest plaintiffs since there was no probable cause or reasonable basis to suspect that they had engaged in any unlawful activity.

31. At no time did there exist any basis to utilize any level of force against plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

32. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiffs.

33. The defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

34. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

35. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

36. Defendants willfully and intentionally seized, searched, imprisoned, and falsely arrested plaintiffs, all without probable cause or a reasonable basis to believe such cause existed.

37. Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

38. The defendants willfully and intentionally subjected plaintiffs to unlawful detention without any probable cause or reasonable basis to believe that plaintiffs were engaged in any unlawful activity.

39. By so doing, the individual defendants, individually and collectively, subjected the each of the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, denial of due process, and subjected plaintiffs Mario Fortune, Aubrey Dukes, and Abraham Joseph to malicious use and abuse of process, and malicious prosecution, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

40. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

41. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

42. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

43. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

44. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of

the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

45. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

46. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

47. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);
f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.)

h. *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207

i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith v. City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers v. City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson v. City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann v. City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson v. City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry v. New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r. *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s. *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

48. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

49. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

50. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

51. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

52. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

53. Plaintiffs were subjected to false arrest, false imprisonment, excessive force, assault, battery, and unlawful searches of person and property by the defendants.

54. Plaintiffs, Mario Fortune, Aubrey Dukes, and Abraham Joseph were each also subjected to malicious prosecution.

55. At no time did defendants have any legal basis for arresting plaintiffs, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

56. The defendants are therefore liable under New York law to plaintiffs for the aforementioned violations.

57. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

   ii.  statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

   iii.  such other relief as the Court deems just and proper.


Dated: Brooklyn, New York
   March 23, 2015

                By: _____
                   Jessica Massimi (JM-2920)
                   Reibman & Weiner
                   Attorneys for Plaintiff
                   26 Court Street, Suite 1808
                   Brooklyn, New York 11242
                   (718) 522-1743